UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**FIRST EXECUTION**　　　　　　　　　　CIVIL ACTION NO. 05-MBD-10026

To the United States Marshal for the District of Massachusetts or either of his Deputies and to _____, Special Process Server:

WHEREAS __TRI-STATE HOSPITAL SUPPLY CORPORATION__ has recovered judgment against __TWP MARKETING, INCORPORATED__ _____ on the __4th__ day of __May, 2004__, for the sum of $__782,626.41__, debt or damage, pre-judgment interest in the amount of $__0__, and costs of this suit in the amount of $__0__, as to us appears of record, whereof this First Execution remains to be done,

WE COMMAND YOU, therefore, that of the goods and chattels or lands of the said Judgment Debtor, to cause to be paid and satisfied unto the said Judgment Creditor, at the value thereof in money, the aforesaid sums, being a total of $__794,757.12__, in the whole, with interest thereon at the rate of __1.55%__ from said day of rendition of said judgment; and thereof also to satisfy yourself for your own fees.

HEREOF FAIL NOT and make due return of this Writ with your doings thereon into the Clerk's Office of our said court, at __1 Courthouse Way__, Boston Massachusetts, within Twenty (20) years after the date of said judgment, or within Ten (10) days after this Writ has been satisfied or discharged. You shall also comply with the provisions attached as Exhibit A.

Dated this ____ day of _____.

SARAH A. THORNTON
CLERK OF COURT

By: _____
Deputy Clerk

(Execution 1st.wpd - 3/7/2005)

## EXHIBIT A

In enforcing this Order, the U.S. Marshals Service shall:

(1) go to 159 Rangeway Road, North Billerica, MA 01862, which is real property owned by Spir-It, Inc. and leased or occupied by Defendant (for storage of Defendant's personal property), or any other location provided by Plaintiff;

(2) at the place described in paragraph (1), seize and sell all molds (including a mold to produce vomit bags), books, records, and all other personal property that the U.S. Marshals Service shall determine, in its reasonable discretion, is owned by Defendant ("Property");

(3) in performing the seizures described in paragraph (2) of this Order, use whatever force is reasonably necessary under the circumstances;

(4) serve a copy of this Order on the Defendant, Spir-It, Inc., or any other person or entity in possession of the place from which the seizure is made pursuant to paragraph (1) of this Order;

(5) following the service described in paragraph (4) of this Writ, file with this Court a proof of service or return of service, indicating who was served and by whom, and when service occurred and by what manner; and

(6) following completion of the seizures described in paragraph (2) of this Order, remove and seize property from the premises on which it was found, store it in a suitable and safe location until sold.

The U.S. Marshals Service is authorized to use whatever force may be necessary to execute this Order. Plaintiff shall be responsible for identifying any and all items to be seized in accordance with this Order. This Order authorizes and directs the U.S. Marshals Service in any district necessary to execute the Order in accordance with its terms.

Prior to execution of this Order, Plaintiff shall post with the U.S. Marshals Service an amount sufficient to pay all costs associated with the execution by the U.S. Marshals Service. The anticipated amount is $45 per hour per deputy, plus $.365 per mile for round-trip travel.

Any persons who in any way interfere or fail to comply with the execution of this Order shall be subject to contempt proceedings before the Court; and any person who is hereafter served with a copy of this Order and objects to any provision hereof may submit his or her objections to the Court or otherwise move for relief form this Court according to the Federal Rules of Civil Procedure. However, no such objection shall serve to suspend this Order or to stay the terms hereof unless otherwise ordered by the Court.